Requestor: C. Francis Giaccone, Esq., Board of Education of Middle Country Central School District 518 Hawkins Avenue Lake Ronkonkoma, N.Y. 11779
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a member of a central school district board of education may also serve as a volunteer spring track coach.
You have informed us that this volunteer would not have any independent authority, but would work under a certified head coach and a certified assistant coach. The volunteer would be involved in weight lifting events or in track as a timekeeper. He would serve without pay.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Generally, we believe that the doctrine of compatibility of office applies to a volunteer. While employment in a position with pay in many cases is an element to be considered in determining whether positions are compatible, one must also consider the duties of the positions held to determine whether there exists a conflict. Indeed, a volunteer might be given significant responsibilities that could conflict with another position held.
In the situation at hand, the question arises whether the board member can effectively supervise the coach and assistant coach responsible for managing a part of the athletic program and whether the coach and assistant coach can supervise an individual who also wears the hat of board member.
Under the facts you have provided, we see no incompatibility between the two positions. The individual would have no decision-making authority and would serve a very limited role as a volunteer. In our view, the very limited scope of his service and his volunteer status removes any problem of incompatibility of office.
We conclude that a person may serve as a member of a central school district board of education and as a volunteer in the athletic department.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.